Harvey K. Jackson and Lera C. Jackson v. Commissioner.
Jackson v. Commissioner
Docket No. 85735.
United States Tax Court
T.C. Memo 1961-227; 1961 Tax Ct. Memo LEXIS 123; 20 T.C.M. (CCH) 1126; T.C.M. (RIA) 61227; August 14, 1961
Harvey K. Jackson, pro se, 506 Georgia St., Amarillo, Tex. Richard F. McDivitt, Esq., and Allen T. Akin, Esq., for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1957 in the amount of $478.01. Respondent in the notice of deficiency disallowed a portion of the deduction claimed by petitioners as charitable contributions and a portion of the deductions claimed as depreciation on an office building and an automobile. The parties have stipulated that "The petitioners concede the respondent did not err in disallowing depreciation *124 on an automobile in the amount of $571.00." The issues remaining for decision are: (1) Whether petitioners are entitled to a deduction in the amount of $750 for charitable contributions and (2) whether respondent erred in determining that petitioners' office building had a remaining useful life of 25 years in the year 1957. Findings of Fact Petitioners, Harvey K. Jackson and Lera C. Jackson, are husband and wife residing in Amarillo, Texas. They filed a joint income tax return for the year 1957 with the district director of internal revenue at Dallas, Texas. Harvey K. Jackson, (hereinafter referred to as petitioner) is a physician and surgeon and was engaged in the general practice of medicine in Amarillo, Texas during the taxable year here involved. His office was located at 506 Georgia Street, Amarillo, Texas in a building which he had erected on Lot 3, Block 33, San Jacinto Addition in the city of Amarillo, at a cost of $34,572.71 during the year 1952. The building was constructed in accordance with specifications which designated the building as a brick and cinder block office building. The north and west walls were of cinder block 8 inches thick. The south wall was of *125 solid brick 8 inches thick, and the east front wall of masonry faced with Roman brick, the wall being 8 inches thick. The framework was of structural steel. The interior partitions were of yellow pine or douglas fir covered with one-half inch sheetrock and except for the corridors, partitions were non-bearing. The roof was four ply tar and gravel over a roof deck and carried a guarantee of 20 years. The nature of the soil in Amarillo, Texas is such that it shifts to a greater extent with changes of weather than the soil in some other parts of Texas. To cope with the shifting of soil, Amarillo has a very strict building code requiring thicker sand under concrete than as required in some other areas and the use of steel reinforcements in foundation slabs. Petitioner's office building was constructed in accordance with the strict requirements of Amarillo's building code. Some cracks have appeared in the walls of petitioner's building since it was constructed in 1952. Petitioner has replaced the front and back doors of the building since it was built. The concrete driveway to petitioner's building and the parking lot separated from the building by a 6-foot sidewalk has developed some cracks. *126 In late 1952 petitioner visited the local office in Amarillo, Texas of the Internal Revenue Service. He spoke to someone he found there about the economic life of his office building. He informed the person with whom he spoke that the roof to the building had a 20-year guarantee, whereupon the suggestion was made to petitioner that he use a 20-year life for the building in his computation of depreciation. On their joint income tax return for 1957 petitioners computed and deducted depreciation for their office building by the straight line method of depreciation, using an estimated useful life of 15 years from January 1, 1957 (20 years from January 1, 1952). The Commissioner in the notice of deficiency allowed depreciation for the building by using an estimated useful life of 25 years from January 1, 1957, with the following explanation: (b) It is determined that your allowable deductions for depreciation for 1957 on a building * * * [does] not exceed the sums of $1,037.14 * * * Accordingly, $1,262.50 of the $2,585.14 in depreciation you claimed on said items on your Federal income tax return for that year is disallowed as shown below: Method and
Date
Original
Prior
Basis to Be
Rate of
Allowable
Item
Acquired
Cost
Depreciation
Depreciated
Depreciation
Depreciation
Bldg.
1952
$34,572.71
$8,643.20
$25,929.51
S.L. 4%
$1,037.14
*127 Lera C. Jackson has been a devout member of the West Amarillo Church of Christ for 17 years. This church does not keep any record of individual gifts made by members. Members place their gifts in cash or check on the collection plate on Sunday or hand special gifts to the treasurer or assistant treasurer of the church. On every Sunday in 1957 that Lera C. Jackson attended church she placed at least $15 on the collection plate as it was passed. Lera missed only a few Sundays attending services in 1957. In addition to the amount placed on the collection plate by Lera, she contributed amounts in cash to the church building fund, the total amount so contributed in 1957 being at least $125. Petitioners reported adjusted gross income of $16,239.70 on their 1957 income tax return. Of petitioner's total business receipts of $34,096.50, the amount of $4,462.83 was retained by him in cash for personal expenditures without first being deposited in his bank account. The major part of petitioner's household expenditures was paid for by checks drawn upon his bank account. On their joint income tax return for 1957 petitioners deducted charitable contributions to the West Amarillo Church of *128 Christ and other allied institutions in the total amount of $750. Upon audit the Commissioner disallowed the amount of $500 with the following explanation in the notice of deficiency: (a) It is determined that your allowable deduction for charitable contributions in 1957 does not exceed the sum of $250.00. Accordingly, $500.00 of the $750.00 deduction for such contributions you claimed on your Federal income tax return for that year is disallowed. Petitioner has failed to establish that respondent erred in his determination of the amount of depreciation allowable on his office building in 1957. Petitioners contributed at least the amount of $750 to the West Amarillo Church of Christ in the year 1957. Some of the facts have been stipulated and are found accordingly. Opinion Section 170 of the Internal Revenue Code of 1954 provides that there shall be allowed as a deduction any charitable contribution, as defined therein, payment of which is made within the taxable year subject to certain percentage limitations not here applicable. Respondent does not question that the West Amarillo Church of Christ comes within the definition of the organizations, *129 contributions or gifts to which are charitable contributions, having allowed petitioner $250 of the claimed charitable contributions. On the basis of the facts that we have found, we hold that petitioners are entitled to a deduction of $750 for the year 1957 for charitable contributions. Section 167 of the Internal Revenue Code of 1954 allows as a depreciation deduction a reasonable allowance for exhaustion, wear, and tear of property used in the trade or business of a taxpayer. One of the methods of computing depreciation included in the provisions of section 167 of the Internal Revenue Code of 1954 is the straight line method. Petitioner used this method and respondent has not questioned the method used by petitioner or the basis of petitioner's building upon which depreciation was computed. The entire controversy centers on the useful life of petitioner's building in the year 1957. The petitioner, in an effort to prove that respondent's determination was erroneous, testified that someone at the local Amarillo Internal Revenue Service office had told him in 1952, the year the building was completed, that 20 years was an appropriate *130 life for the building. Petitioner stated that he was given this information when he informed the person in the local Internal Revenue Service office that the roof of the building carried a 20-year guarantee. The only other evidence offered by petitioner was that some cracks had come in the walls of the building and that he had been required to replace the front and back doors of the building. Petitioner has offered no evidence to show that the useful life of the property was affected by either the cracks or the necessity for replacing the two doors. Cf. The E. C. Brown Co., 26 T.C. 276 (1956), affd. per curiam 253 F. 2d 715 (C.A. 2, 1958). Petitioner has failed to establish error in respondent's determination of the useful life of his office building. Respondent offered the testimony of an engineer revenue agent who stated as his opinion that the remaining useful life of petitioner's building as of January 1, 1957, was 36 years. In view of petitioner's failure to prove error in respondent's determination, we have considered it unnecessary to make any findings based upon the testimony of respondent's expert witness. Respondent's determination of depreciation *131 for petitioner's office building is sustained. Decision will be entered under Rule 50.